**WO**                                                                                    LMH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

William Ronald Raguse,                    )    No. CV 05-2225-PHX-NVW (DKD)
                                          )
              Plaintiff,                  )    **ORDER**
                                          )
vs.                                       )
                                          )
                                          )
Joseph M. Arpaio, et al.,                 )
                                          )
              Defendants.                 )
                                          )

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is currently confined at the Fourth Avenue Jail in Phoenix, Arizona.  The Court will dismiss the action with leave to amend.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $3.50 (based on an average monthly deposit of $17.50) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

JDDL

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.**   **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

However, if the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Dismissal of a *pro se* litigant's complaint with leave to amend is not a penalty imposed by the Court, but a privilege guaranteed to *pro se* litigants to assist them in curing the deficiencies of their complaints. As described below, this Order will dismiss the Complaint with leave to amend because Plaintiff's deficiencies might be curable.

**C.**   **Complaint.**

Plaintiff sues the Maricopa County Sheriff's Office and Sheriff Joseph Arpaio in their official capacities because "my 8th and 14th Amendment rights were broken." (Compl. at

2.)  Plaintiff alleges that while incarcerated at the Towers Jail and Lower Buckeye Jail, he was forced to defend himself against racial rioting and was possibly exposed to AIDS through bleeding lacerations, he lived in overcrowded and unsanitary conditions, and he lacked sufficient opportunities for outdoor recreation.  For relief, he requests an award of monetary damages of $129,600.

**D.    Maricopa County Sheriff's Office.**

Plaintiff sues the Maricopa County Sheriff's Office, which is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.  See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's Office will be dismissed from this action as an improper Defendant.

**E.    Defendant Arpaio.**

Plaintiff sues Defendant Arpaio solely in his official capacity.  When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  In their official capacities, "[c]ounty officials can be held liable under § 1983 if they act as "lawmakers or . . . those whose edicts or acts may fairly be said to represent official policy."  Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell, 436 U.S. at 694).  Plaintiff must also show that an official municipal policy caused him to suffer a constitutional tort.  Berry, 379 F.3d at 767.  The entity may also be liable when its custom played a part in the violation of federal law.  Kentucky, 473 U.S. at 166.  In this action, Plaintiff has not alleged that an official policy or custom caused him to suffer harm.  Plaintiff may be able to cure this deficiency through amendment.

Plaintiff may have intended to sue Defendant Arpaio in his individual capacity. Arpaio is subject to suit in his personal capacity if he played "an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  Plaintiff has not set forth any facts to show how Arpaio was personally involved in

1   the alleged constitutional violations.  There is no *respondeat superior* liability under § 1983,

2   so a defendant's position as the supervisor of a person who allegedly violated Plaintiff's

3   constitutional rights does not impose liability.  Monell v. Dep't of Soc. Servs., 436 U.S. 658

4   (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for

5   constitutional violations of his subordinates if the supervisor participated in or directed the

6   violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at

7   1045.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was

8   personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d

9   1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  Plaintiff may be able to

10  amend his complaint to cure this deficiency.

11  **F.    Amendment.**

12         Plaintiff may choose to amend his Complaint to cure the deficiencies described by this

13  Order.  Plaintiff is advised that his First Amended Complaint must be retyped or rewritten

14  in its entirety on a court-approved form and may not incorporate any part of the original

15  Complaint by reference.  Any Amended Complaint submitted by Plaintiff should be clearly

16  designated as such on the face of the document.  The Clerk of Court will be directed to

17  provide Plaintiff with a form for filing a civil rights action.

18         Plaintiff is also reminded that in an Amended Complaint, he may only include one

19  claim per count.  The "one claim per count" rule is set forth in the form Complaint and

20  accompanying instructions, and is a requirement imposed by the local rules of this Court.

21  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

22  form).

23         An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

24  F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard

25  Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading

26  is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an

27  original complaint which are not alleged in an amended complaint are waived.  King v.

28  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**G.**     **Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes.  Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**H.**     **Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  The Maricopa County Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee in the amount of $3.50 and shall forward the amount to the Clerk of Court.  Said payment shall be clearly identified by the name and number assigned to this action.

(2)  The Maricopa County Sheriff or his designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the name and number assigned to this action.

1   (3)  The Complaint is dismissed with leave to amend.  Plaintiff shall have **30 days**

2   from the date this Order is filed to file an Amended Complaint in compliance with this Order.

3   (4)  Aside from the two copies of the petition or amended petition that must be

4   submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other

5   document filed shall accompany each original pleading or other document filed with the

6   Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See

7   LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document

8   being stricken without further notice to Plaintiff.

9   (5)  The Clerk of Court is directed to enter a judgment of dismissal of this action,

10  without prejudice and without further notice to Plaintiff, if Plaintiff fails to file an Amended

11  Complaint within 30 days of the date this Order is filed.

12  (6)  The Clerk of Court is directed to provide to Plaintiff a current court-approved

13  form for filing a civil rights complaint by a prisoner.

14  DATED this 9th day of November, 2005.

15

16

17  _____

18  Neil V. Wake
    United States District Judge

19

20

21

22

23

24

25

26

27

28